UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80188-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANGEL JULIO NAVARRO-LLITERAS,

    Defendant.
_____/

FILED by _____ D.C.

JUN 2 4 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

This cause is before the Court pursuant to the Court's ORDER of March 28, 2008, setting a $100,000 corporate surety bond with a <u>Nebbia</u> condition bond for Defendant's pretrial release (DE 77). At the March 28, 2008 hearing setting bond, the Court raised the issue of Defendant's lack of verifiable employment stating "we don't know what he does for a living." The Court further ordered that Defendant move for a <u>Nebbia</u>[1] hearing when he is prepared to demonstrate that he has satisfied the <u>Nebbia</u> condition.

On April 18, 2008, the Defendant, ANGEL JULIO NAVARRO-LLITERAS, appeared before the Court represented by Richard Della Fera for a <u>Nebbia</u> hearing. At the conclusion of the hearing, the Court found that Defendant had failed to satisfy the <u>Nebbia</u> condition. Specifically, the Court declined to accept Defendant's 2 sources of payment for the $15,000 corporate surety bond premium. The first source of payment for the bond is Defendant's wife's great uncle and aunt who intend to post $ 5,250 of the bond premium. At the April

---

[1] See <u>United States v. Nebbia</u>, 357 F.2d 303 (2 nd Cir. 1966)(finding that the mere deposit of cash bail is not sufficient to deprive court of right to inquire into other factors which might bear on question of adequacy of bail).

18, 2008 hearing, Mr. Labrada (the great uncle) testified as to the source of the $5,250 he intends to post for the bond premium and his relationship to the Defendant. The Court found that absent tax returns, and bank statements, the legitimacy of Labrada's funds could not be established. Second, a family friend who is employed as a nurse's assistant intends to post $9,750 of the bond premium for the Defendant. Mr. Della Fera proffered that this friend intends to charge the $ 9,750 to her credit card which she would pay off with her earnings. The Court declined to accept this mode of bond premium payment.

The Court Ordered (DE 130) the Defendant on April 21, 2008, to submit the following information, for the Court's review, to demonstrate that he has satisfied the Nebbia condition: (1) "documentation supporting Defendant's employment history involving 'M Electric' including Defendant's tax returns for the past several years showing Defendant's source of income and income history" (2) Labrada's tax returns and bank statements which demonstrate the legitimacy of the funds he intends to post as bond premium; and (3) all other documents necessary to satisfy the Nebbia requirement. The Court advised Defendant that a hearing would only be scheduled, if the documents demonstrate that he has satisfied the Nebbia condition.

On June 2, 2008, Defendant submitted a package of documents which purport to satisfy the Nebbia condition. After careful review of the documents submitted, and the record evidence before the Court, the Court finds that the documents do not satisfy the Nebbia condition for the following reasons:

First, Defendant has not explained or verified his employment history with "M Electric". The Court has specifically asked Defendant to explain his employment and income history, and, to verify the employment information he supplied to Pretrial Services.

2

Defendant has repeatedly failed to provide this information. The Pretrial Services report states that the Defendant

> "reported he works as an electrician for Martin Perez. Mr. Perez works with M. Electric out of Miami, Florida. He [Defendant] estimated he can earn $ 500 to $ 1,000 depending on the work assignment. He [Defendant] stated he has been working for Mr. Perez for the last 1 ½ years."

The instant information provided by Defendant does not show a single reference to "M Electric" which corroborates the employment history provided by Defendant to the Court. The information package did contain a State of Florida, Division of Corporations, detail for a limited liability company called "B & M Electric & Supply, LLC." Defendant failed to include a scintilla of information reconciling this company with the income history he provided and his testimony that he works for Martin Perez with M Electric.

Second, Defendant fails to demonstrate to the Court how he intends to pay the balance of the bond premium. The bond premium is $ 15,000. The Court declined to accept Defendant's proposal that $ 9,750 of the bond premium would be paid by credit card. Defendant proposed that a friend charge this portion of the bond premium to her credit card which she would pay off with her earnings. The information currently before the Court does contain a single reference as to how Defendant intends to pay this portion of the bond premium. Absent such basic information the Court cannot even begin to assess whether the source of such funds meets the Nebbia condition.

Third, the documents submitted by Defendant to support the legitimacy of the money that Defendant's wife's great uncle intends to use to post $ 5,250 are incomplete. The common sense question before the Court is, how did this individual legally amass $ 140,000 of after tax income, over 18 years, by earning only $ 8.50 an hour. The

documents provided did not answer that question. Additionally, the Court remains concerned that the prospect of Labrada's losing his money will be insufficient to ensure that the Defendant does not flee to avoid prosecution for a death eligible offense. A court may seek to assure itself that proposed sureties are financially responsible and have "moral suasion" over the defendant. See United States v. Batista, 163 F. Supp. 2d 222, 226 (S.D. N.Y. 2001). United States District Judge Kenneth A. Marra recently recounted the purpose of bail as set forth below:

> "bail is not served unless losing the sum would be a deeply felt hurt to the defendant and his family; the hurt must be so severe that defendant will return for trial rather than flee. This implies that a court must be able to induce a defendant to go to great lengths to raise the funds without violating the condition in § 3142(c) that bail may not be used to deny release altogether.

United States v. LeClercq, 2007 WL 436501 (S.D. Fla. Dec. 13, 2007)(quoting United States v. Szott, 768 F.2d 159, 160 (7th Cir. 1985)).

Fourth, Defendant's instant submission to the Court included tax information for Alexander Yero and Nelsy Alvarez. The instant information does not state whether Yero and Alvarez plan to post the balance of the bond premium, or, if Yero and Alvarez purport to post their condominium residence as collateral for the bond.

For the reasons set forth above, it is hereby

ORDERED and ADJUDGED that Defendant's information package submitted to the Court on June 2, 2008, does not satisfy the Nebbia requirement.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 24 day of June, 2008.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

4

Copies to:
AUSA Emalyn Webber
Richard Della Fera, Esq.
U.S. Marshal
U.S. Probation and Pretrial Services